```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

PATRICIA MACHANY,                  )
                                   )
       Plaintiff,           )
                                   )
    vs.                           )          No. 4:08CV721-DJS
                                   )
HEALTHY ALLIANCE LIFE INSURANCE    )
COMPANY d/b/a Anthem Blue Cross    )
and Blue Shield, and RIGHTCHOICE   )
MANAGED CARE, INC. d/b/a Blue      )
Cross Blue Shield of Missouri,     )
                                   )
       Defendants.          )

## ORDER

Defendants removed this action from state court on May 19, 2008 on their assertion that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, governs plaintiff's claims. The original petition was filed in state court on August 7, 2007. Defendants claim they were unaware the case was removable on ERISA grounds until their receipt of certain discovery responses, after the filing of a first amended petition on March 24, 2008. Defendants represent that on May 8, 2008, those responses disclosed that plaintiff's employer had paid the premiums for the insurance policy under which plaintiff seeks to recover for denial of medical claims. The matter is now before this Court on plaintiff's motion to remand the case to state court and other related motions.

Plaintiff's first amended petition contains claims for negligence and breach of fiduciary duty, for tortious interference with contract and/or reasonable expectation of medical treatment, for defamation, infliction of emotional distress, fraud, negligent misrepresentation, breach of contract and vexatious refusal to pay, and breach of the implied covenant of good faith and fair dealing. The claims relate to defendants' denial of insurance coverage for medical treatment for lung cancer as a preexisting condition. Defendants' notice of removal is predicated upon the assertion that the payment of insurance premiums by plaintiff's employer is indicative of a plan governed by ERISA.[1] Defendants contend that the removal was timely under 28 U.S.C. §1446(b) as made within thirty days after receipt by the defendants of a paper from which it could first be ascertained that the case was removable on ERISA grounds.

In support of her motion to remand, plaintiff argues that the facts allegedly discovered by defendants so as to trigger the period of time for removal were known to defendants years prior, in that they involve premium payments made to defendants in 2006.

---

[1] In 29 U.S.C. §1002(1), ERISA defines "employee welfare benefit plan" in pertinent part as:

> any plan, fund, or program...established or maintained by an employer...for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death....

Defendants respond with numerous case citations in support of the principle that pre-litigation knowledge is not pertinent to the removal analysis under §1446(b).  Although plaintiff cites a few district court cases to the contrary, the greater weight of appellate opinion, with which the Eighth Circuit has expressed agreement, supports the conclusion that the receipt of information through the processes and papers of litigation is what triggers the thirty-day time limit for purposes of §1446(b).

In the context of the amount in controversy requirement of federal diversity jurisdiction, the Fifth Circuit rejected a plaintiff's contention that communications a defendant received prior to litigation could constitute "other paper" within the meaning of §1446(b)'s second paragraph: "if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).  Citing Chapman with agreement, the Eighth Circuit has adopted the rule that a complaint triggers the thirty-day time limit only when it explicitly discloses damages in excess of the federal jurisdictional minimum, because such a rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." In re Willis, 228 F.3d 896, 897 (8th Cir. 2000), *citing* Chapman, 969 F.2d at 163.

Inquiry by the court after removal into whether and when a defendant had knowledge of jurisdictionally relevant facts through extra-judicial means is rightly to be avoided:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on *the documents exchanged in the case by the parties* to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

Lovern v. General Motors Corporation, 121 F.3d 160, 162 (4th Cir. 1997) (emphasis added). Following these principles, this Court rejects plaintiff's argument that defendants' pre-litigation knowledge renders the removal untimely.

Plaintiff further contends that the insurance policy at issue is not an ERISA plan because it falls within the "safe harbor" regulatory provision applicable to certain business owners. 29 C.F.R. §§2510.3-3(b) and (c)(1). Pursuant to §2510.3-3(b), a plan under which no employees are covered participants is not an ERISA plan. Pursuant to §2510.3-3(c)(1), an individual who wholly owns a business is not deemed an employee of the business. In support of her motion to remand, plaintiff represents that she is not an employee within these definitions because "she owns the business," that no employees of the company were provided with health insurance, and that "Pat Machany Moving, Inc. never

4

purchased health insurance for its employees." Pltf. Memo. in Support [Doc. #9], p. 10.

Defendants argue that, even assuming plaintiff herself is excluded from the definition of an employee, these provisions do not exclude the plan from ERISA coverage because Don Machany is an insured employee under the plan, and therefore the plan is not one with no covered employees. Defendants further contend that plaintiff is not the sole owner of the business, and therefore is not excluded from the definition of employee under §2510.3-3(c)(1). The deposition testimony and exhibits upon which defendants rely in support of these factual assertions are unpersuasive in the face of the affidavits of Patricia Machany and Don Machany. Despite defendants' characterization of the facts, the Court finds that the record does not support a determination that Patricia Machany is not the sole owner of Pat Machany Moving Co., Inc., and does not support a determination that the company paid for Don Machany's insurance coverage under any ERISA plan.

The Court therefore finds that, in view of the provisions of 29 C.F.R. §§2510.3-3(b) and (c)(1), defendants fail to demonstrate that ERISA applies to the insurance coverage upon which plaintiff's claims are based. The Court will therefore remand the instant action as having been improperly removed to this Court on the assertion that federal question jurisdiction exists over the matter. Having reached that conclusion, the Court need not and does not address other miscellaneous issues raised by plaintiff,

other than to note its agreement that the policy in question does not appear to have been "established or maintained" by Pat Machany Moving Co. as an ERISA plan would be.

Also before the Court are motions by which plaintiff seeks attorney's fees, costs and sanctions due to defendants' alleged lack of an objectively reasonable basis for seeking removal. Plaintiff's arguments in these motions focus on defendants' alleged pre-litigation awareness of the facts that would, significantly later, prompt the removal of the case. As the Court has found, however, the more persuasive law on that subject teaches that such knowledge is not relevant to the timeliness of removal. The Court is further of the view that, although it has found the facts pertinent to the existence of an ERISA plan in plaintiff's favor, defendant's assertion that the policy was part of a employee benefit plan governed by ERISA was not objectively unreasonable. Under the applicable standard enunciated in Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), the Court will therefore deny plaintiff's requests for fees and costs, and is similarly unpersuaded to impose sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #9] is granted, and this matter is remanded to the Circuit Court of the City of St. Louis.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw her motion to shorten time to file motion for sanctions [Doc. #14] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to shorten time to file motion for sanctions [Doc. #10-1] is denied as withdrawn, and the request for expedited oral argument [Doc. #10-2] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for costs and attorney's fees pursuant to 28 U.S.C. §1447(c) [Doc. #12] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions [Doc. #19] is denied.

Dated this   15th   day of August, 2008.

                                           /s/ Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE